IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAITLIN SCHULTZE,

    Plaintiff,

v.                                                                No. 22-cv-00157 SMV/GBW

CITY OF HOBBS FIRE DEPARTMENT,
CITY OF HOBBS, BARRY YOUNG,
BOARD OF COMMISSIONERS OF THE CITY OF HOBBS,
SAM COBB, MANNY GOMEZ, RYAN HERRERA,
CHRIS DAVIS, JOHN DOES I-X; JANE DOES I-X;
AND BLACK AND WHITE ENTITIES I-X,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on a Partial Motion to Dismiss filed by Defendants City of Hobbs Fire Department, Manny Gomez, and Sam Cobb (collectively, "Defendants"). [Doc. 13]. Plaintiff filed a Response, [Doc. 28], and Defendants filed a Reply. [Doc. 29]. I find that a hearing is not necessary because the Motion can be resolved on the briefs. Having considered the parties' submissions, the record, and the relevant law, I will grant in part and deny in part Defendants' Partial Motion to Dismiss.

### BACKGROUND[1]

Plaintiff, a firefighter, alleges that Defendants discriminated against her based on her sex (Count 1), that Defendants sexually harassed her and created a hostile work environment (Count

---

[1] The operative complaint is Plaintiff's Amended Complaint, which was filed on May 26, 2022. [Doc. 3].

2), and that Defendants retaliated against her after she complained about the harassment (Count 3). [Doc. 3] at 17–21. Plaintiff brings these claims under Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §§ 2000e-2, 2000e-3. She also alleges that Defendants breached an implied employment contract and constructively discharged her (Counts 4 and 5). *Id*. at 22–24. Although the Amended Complaint does not include a count alleging violations of Plaintiff's Constitutional rights, it references "civil rights . . . arising under the Constitution of the United States." *Id*. at 2; *see* 42 U.S.C. § 1983.[2] Each of the five counts in the Amended Complaint is asserted against all the Defendants.

Plaintiff named as defendants Manny Gomez, Hobbs City Manager and former Chief of the Hobbs Fire Department, and Hobbs Mayor Sam Cobb in both their official and individual capacities. [Doc. 3] at ¶¶ 18, 17. Plaintiff also named both the City of Hobbs Fire Department and the City of Hobbs.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must

---

[2] The Court construes the Amended Complaint to allege claims for constitutional violations under § 1983. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (stating that "plaintiffs seeking damages for violations of constitutional rights [are not required] to invoke § 1983 expressly . . . to state a claim"); *Rangel v. Gile*, No. 517CV01267SJOSHK, 2018 WL 6137621, at *1 n.1 (C.D. Cal. Aug. 21, 2018) (construing the complaint to allege § 1983 claims where the complaint alleged "civil rights violations"). As evidenced by the Partial Motion to Dismiss, Defendants also construe the Amended Complaint to allege § 1983 claims.

provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In sum, "a Rule 12(b)(6) motion tests the sufficiency of the [factual] allegations within the four corners of the complaint after taking those allegations as true[,]" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), and "constru[ing] them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quoting *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir. 1997)).

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). However, where a party seeks leave to amend and it is not clear that amendment would be futile, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Section 1983 permits suit against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." § 1983. To state a claim on which relief can be granted under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)

(quoting 1A MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION: CLAIMS AND DEFENSES § 1.4, at 12 (3d ed. 1997)).

A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. § 1983. A municipality vested with the power to sue and be sued is a "person" within § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); N.M. Stat. Ann. § 3-18-1. However, a department of the municipality without such powers is not a "person." *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 274 n.1 (10th Cir. 2002) (affirming the district court's dismissal of the Albuquerque Police Department because it lacked "a legal identity apart from the City of Albuquerque"); *Lopez v. Bd. of Cnty. Commissioners for Lea Cnty.*, No. 15-CV-0822 WPJ/LAM, 2016 WL 10588126, at *4 (D.N.M. Mar. 4, 2016) (dismissing claims against the Hobbs Police Department because it is not a "person" under § 1983); *Romero v. City of Clovis*, No. 117CV00818PJKGBW, 2019 WL 2327660, at *3 (D.N.M. May 31, 2019) (holding that the Clovis Police Department was not a "person" under § 1983 because it was an "administrative arm" of the City of Clovis).

Individuals may be named as defendants in a § 1983 action in their official or individual (personal) capacities. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id*. at 165–66 (quoting *Monell*, 436 U.S. at 690, n.55). "As long as the government entity receives notice and an opportunity to respond, an

4

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

Title VII claims are properly brought against an employer. "[S]uits against persons in their individual capacity are inappropriate under Title VII" because "'the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'" *Sims v. KCA, Inc*., 28 F.3d 113 (10th Cir. 1994) (quoting *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)).

## ANALYSIS

Defendants contend that the Hobbs Fire Department must be dismissed with prejudice because it is not a "person" under § 1983 and therefore not a proper defendant for Plaintiff's § 1983 claims. [Doc. 13] at 6. Next, Defendants argue that Plaintiff's claims against Gomez and Cobb in their individual capacities must be dismissed because Plaintiff has failed to allege facts stating § 1983 claims against them. *Id*. at 4. Defendants further argue that Plaintiff's § 1983 claims against Gomez and Cobb in their official capacities should be dismissed as redundant because the City of Hobbs, their employer, is a named defendant. *Id*. at 5. Finally, Defendants maintain that Gomez and Cobb are not proper defendants for Plaintiff's Title VII claims. *Id*. at 4. I will address each argument in turn.

**I.     Hobbs Fire Department is Not a Proper Defendant.**

Plaintiff acknowledges that the Hobbs Fire Department is "sub-uits of the City of Hobbs." [Doc. 28]. As a department of the City of Hobbs, the Hobbs Fire Department is not a separate

5

suable entity and, therefore, is not a "person" subject to suit under § 1983. Hence, Plaintiff's § 1983 claim against the Hobbs Fire Department will be dismissed with prejudice.

## II. Plaintiff Fails to State Individual-Capacity Claims Under § 1983 Against Defendants Gomez and Cobb.

"Section 1983 imposes liability on a government official who "subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights." *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012) (quoting § 1983) (addressing claims against officials in their individual capacity). Thus, "[a]nyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable." *Id*. (quoting *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006)). Causation is shown if the defendant "set in motion a series of events that [the defendant] knew or reasonably should have known would cause others to deprive [the plaintiff] of [her] constitutional rights." *Martinez*, 697 F.3d at 1255 (quoting *Trask*, 446 F.3d at 1046).

The Amended Complaint includes only three allegations involving Gomez. Plaintiff alleges that Gomez is the City Manager and former Chief of the Hobbs Fire Department, and that Gomez is related to Defendant Herrera, who Plaintiff alleges harassed her. [Doc. 3] at 4, 13. Finally, she alleges that Defendant Young "advised Mr. Meyers [that] . . . Chief Manny Gomez was advised of the situation." *Id*. at 12. The "situation" apparently refers to Plaintiff's allegation that Herrera was made Plaintiff's Battalion Chief during the investigation into her sexual harassment complaint against him. *Id*.

Plaintiff's allegations that Gomez was related to Herrera, and that Young or Meyers said that Gomez was aware of Plaintiff's allegations against Herrera, do not demonstrate that Gomez "set in motion" events that Gomez knew or should have known would "cause" Herrera to sexually

6

harass Plaintiff. Even if Gomez knew that Plaintiff had complained of sexual harassment to her supervisors and took no action to discipline Herrera after the complaint, that fact does not show that Gomez's conduct caused or permitted Herrera to harass Plaintiff in the first place. Moreover, the Amended Complaint does not even allege that Gomez was Chief of the Hobbs Fire Department when Herrera allegedly harassed Plaintiff. Hence, the allegations in the Amended Complaint do not state a § 1983 claim against Gomez in his individual capacity.

As to Cobb, Plaintiff asserts in the Amended Complaint only that Cobb is the Mayor of the City of Hobbs. [Doc. 4] at 4. The Amended Complaint does not state a claim against Cobb in his individual capacity because there are no factual allegations showing what Cobb allegedly did that led to violation of Plaintiff's rights. *See Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ.*, No. 121CV00978KWRJFR, 2022 WL 2135345, at *10 (D.N.M. June 14, 2022) (stating that "personal liability under § 1983 'must be based on [a defendant's] personal involvement' in a constitutional violation" (quoting *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011)).

In her Response, Plaintiff raises new allegations concerning Gomez and Cobb. [Doc. 28] at 3–4. Because Defendants' motion is directed at the Amended Complaint, only allegations in that pleading are presently at issue. I will not consider allegations asserted for the first time in the Response.

Taking the allegations in the Amended Complaint as true, I find that it does not state § 1983 claims against Gomez or Cobb in their individual capacities and will, therefore, grant Defendants' request to dismiss those claims. However, I will deny Defendants' request to dismiss them with prejudice because it is not clear that further amendment of the Amended Complaint to address

those claims would be futile. *See Sherman v. Kendall*, No. CIV-21-484-F, 2021 WL 5510253, at *2 (W.D. Okla. Nov. 24, 2021) (stating, "As it is not clear an amendment would be futile, the court will dismiss the [plaintiff's] claim without prejudice . . . .").

### III. Plaintiff's Official-Capacity Claims Against Defendants Gomez and Cobb are Construed as Claims Against the City of Hobbs.

Defendants argue that the claims against Gomez and Cobb in their official capacities should be dismissed because they are redundant with Plaintiff's claims against the City of Hobbs.[3] [Doc. 13] at 5. Plaintiff did not address Defendant's redundancy argument in her Response. [Doc. 28].

Defendants' argument is well-taken: "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). "A § 1983 claim therefore lies against either an entity or its officers in their official capacity—not against both the entity and the officers in their official capacity." *Tavasci v. Cambron*, No. CIV 16-0461 JB/LF, 2017 WL 3173011, at *28 (D.N.M. May 31, 2017) (unreported). "For this reason, courts routinely dismiss official-capacity claims against officials as redundant with claims against the entity itself." *Id*. (collecting cases); *see also* Fed. R Civ. P. 12(f) (permitting the Court to strike from a pleading "any redundant . . . matter" sua sponte or on motion). In addition, I construe the lack of response to this argument as consent to grant of the Partial Motion to Dismiss on this issue. *See* D.N.M.LR-

---

[3] Although Defendants Young, Herrera, and Davis are also named in their official capacities, Defendants do not argue that the § 1983 official-capacity claims against those defendants should be dismissed as redundant.

8

Civ.7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

### IV. Plaintiff's Title VII Claims Against Gomez and Cobb in Their Individual Capacity are Improper.

I find that Title VII claims against Gomez and Cobb in their individual capacities are improper because neither Gomez nor Cobb was Plaintiff's employer. *See* [Doc. 3] at 3 (stating that the "City of Hobbs Fire Department" was Plaintiff's employer); *Sims*, 28 F.3d 113. Plaintiff does not argue otherwise. *See* [Doc. 28]. Accordingly, I will dismiss the Title VII individual-capacity claims against Gomez and Cobb with prejudice.

### CONCLUSION

Plaintiff's Amended Complaint fails to state a claim against the Hobbs Fire Department because it is not an independent suable entity and, therefore, not a "person" under § 1983. I will dismiss Plaintiff's § 1983 claims against the Hobbs Fire Department with prejudice. In addition, Plaintiff's Amended Complaint does not state a § 1983 claim against Defendants Gomez or Cobb in their individual capacities. Those claims will be dismissed without prejudice. I will dismiss with prejudice Plaintiff's official-capacity § 1983 claims against Defendants Gomez and Cobb because they are redundant with Plaintiff's § 1983 claims against the City of Hobbs. Finally, because Defendants Gomez and Cobb are not Plaintiff's employer, I will dismiss with prejudice Plaintiff's Title VII claims against them in their individual capacities.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Partial Motion to Dismiss [Doc. 13] is GRANTED in part and DENIED in part. Defendants' Partial Motion to Dismiss is granted in all respects except to the extent it requests that Plaintiff's

§ 1983 claims against Gomez and Cobb in their individual capacities be dismissed "with prejudice."

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against the Hobbs Fire Department are DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants Gomez and Cobb in their individual capacities are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claims against Defendants Gomez and Cobb in their individual capacities are DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants Gomez and Cobb in their official capacities are DISMISSED with prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**